VICTORIAN INVESTORS and Texas In-
vestors, Ltd., etc., Plaintiffs,

v.

RESPONSIVE ENVIRONMENTS COR-
PORATION et al., Defendants.

Morton GLOBUS et al., Plaintiffs-
Intervenors,

v.

RESPONSIVE ENVIRONMENTS COR-
PORATION et al., Defendants.

No. 70 Civ. 310.

United States District Court,
S. D. New York.

Nov. 1, 1972.

Rabin & Silverman, New York City, for plaintiffs.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for defendants Ladenburg, Thalmann & Co. and Robert M. Leibowits.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Responsive Environments Corp., John Henry Martin, Norman H. Kreisman, Kurt R. Swinton, Samuel J. Spector, John L. Burns, and Richard Kobler.

Whitman & Ransom, New York City, for defendant Myles S. Spector. ·

Parker, Chapin & Flattau, New York City, for defendants Walter Maynard and William S. Wasserman.

Harry H. Lipsig, Mortimer M. Lerner, New York City, for plaintiffs-intervenors.

GRIESA, District Judge.

Plaintiffs Victorian Investors and Texas Investors, Ltd. filed a motion in May 1972 for a determination that this action may be maintained as a class action under Rule 23.

The action, commenced on January 26, 1970, is brought under Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934. Plaintiffs Victorian Investors and Texas Investors seek to bring the action on behalf of themselves and others who purchased common stock of defendant Responsive Environments Corporation during the period March–July 1969. The complaint alleges that during this approximate period the market price of Responsive's stock was inflated, and plaintiffs and others were induced to buy stock, as a result of false and misleading statements made in Responsive's 1968 annual report, issued March 6, 1969, which predicted a profit for fiscal 1969 based on substantially increased revenues. Plaintiffs also allege similar false and misleading statements made by Responsive's then president, defendant Myles S. Spector, at the annual shareholders' meeting held March 27, 1969. The market price of Responsive's stock (traded over the counter) rose from about 23 at the beginning of March to about 34 in early April.

The complaint alleges that on June 25, 1969 Responsive announced its operating results for the first six months of fiscal 1969, showing a loss of $1,450,000. According to the complaint, Responsive also announced at this time that it was experiencing serious financial difficulties, that its bank credit was impaired, and that the president had resigned. The complaint alleges that on June 25, 1969 Responsive's stock sold for 7½ and in October 1969 was selling for about 5.

According to the complaint, plaintiffs Victorian Investors and Texas Investors bought 4900 shares of Responsive's stock during March and April 1969 for a total of $156,240 (average of $31.89 per share) and sold 4700 shares during the period May–August 1969 for a total of $51,392 (average of $10.93 per share).

The complaint names as defendants Responsive, various officers and directors of that company, and Ladenburg, Thalmann & Co., an investment firm allegedly represented on the Responsive board.

By permission of the Court three parties—Morton Globus, Joseph Vogel and David Vogel—intervened as plaintiffs, and filed their complaint in May 1972 alleging losses in connection with purchases of Responsive's stock resulting from the same misrepresentations complained of by the original plaintiffs. Like the original plaintiffs, the intervening plaintiffs labeled their action as a class action.

The motion for class action determination was brought by the original plaintiffs—Victorian Investors and Texas Investors. It was opposed by various defendants mainly on the ground that Victorian Investors and Texas Investors could not properly prosecute a claim based on the annual report and the other representations in question, because they did not rely on such report and representations. Defendants asserted that Victorian Investors and Texas Investors had relied on one George Barone, an experienced and sophisticated securities analyst and broker, who, through a fellow broker, made an independent check of the facts regarding Responsive. In addition, the defendants claimed that Victorian and Texas not only *purchased* stock, but *actively recommended* the stock to the public, thus giving Victorian and Texas a dual role in the litigation as an investor claiming damages from the alleged misrepresentations of Responsive *and* as a disseminator of false information in the market place,

potentially liable as such. The defendants contended that these circumstances disabled Victorian and Texas from representing the investor class. The defendants contended that the individual issues relating to Victorian, Texas and other investors—such as reliance, causation and damages—will necessarily predominate over any common issues affecting the entire class, and that a class action would present undue difficulties of management.

The defendants also objected that intervening plaintiff Globus would be incapable of properly representing the investors as a class. Globus was president of Globus, Inc., a company which published recommendations for stock purchases, and issued strong recommendations for the purchase of Responsive stock both before and after the alleged misrepresentations involved in this case. The defendants claimed that Globus occupies the same kind of dual role which they say disables Victorian and Texas from representing the investor class.

The motion for determination of the propriety of conducting this as a class action was originally before Judge Brieant. In a Memorandum and Order dated September 22, 1972 Judge Brieant basically held that the determination of the propriety of class action treatment should be deferred until completion of discovery, unless the judge to whom the case was assigned for trial should decide otherwise.

The case has now been assigned to me for trial and for supervision of the remaining pre-trial proceedings. After a review of the record and after holding a pre-trial conference at which certain schedules were established, it appears to me that it would be of assistance in the further conduct of the case to have a determination of the class action motion now. My rulings with respect to this motion are as follows:

(a) The present action is a proper class action.

(b) Plaintiffs Victorian Investors and Texas Investors, Ltd. and their attorneys appear to be proper representatives of the class.

(c) Plaintiffs-intervenors Morton Globus, Joseph Vogel and David Vogel and their counsel will not be deemed representatives of the class, and the class action allegations in their complaint are dismissed. These plaintiffs-intervenors and their counsel will, however, be permitted to remain in the action. But plaintiffs-intervenors will henceforth participate in the action solely on their own behalf, not as representatives of a class.

### The Propriety of the Class Action and Representation by Victorian and Texas

■ The defendants contended in their opposition papers that plaintiffs Victorian and Texas "actively recommended the purchase of Responsive stock to the public for their own personal benefit" (Affidavit of Gerald Walpin dated June 5, 1972, p. 7). · As indicated earlier, the argument was that Victorian and Texas occupied a dual role as both deceived and deceiver, and could not represent the entire class of investors. The basis for this contention was alleged activity by Barone—the broker for Victorian and Texas—who is said to have "actively touted" the Responsive stock to Victorian and Texas and also to other investors.

There is no factual support in the record before me for the contention that Victorian and Texas promoted the stock publicly or occupied a dual role disabling them from representing the class of investors. As for Barone,· his position must be distinguished from the position of Victorian and Texas. It appears that Barone was agent for Victorian and Texas, but, as far as the record shows, such agency was *only* for the purpose of purchasing or selling Responsive stock.

To the extent that Barone may have "touted" the Responsive stock to other investors, there is no indication from the record before me that he did so on behalf of, or as agent for, Victorian or Texas. The Court has recently granted a motion by certain defendants to join Barone as a third party defendant. However, there is no indication at this time that Victorian or Texas is chargeable with any liability Barone may have for representations made to other investors.

Therefore, I · cannot find on the present record that Victorian and Texas played a dual role with respect to Responsive stock disabling them from acting as representatives of the class.

■ The defendants' next argument is that Victorian and Texas cannot represent the class because they did not rely on the alleged misrepresentations involved in this case—that the alleged public misrepresentations had little or no causative effect, because the broker Barone made his own private, independent investigation of the facts regarding Responsive. The defendants go on to claim that the issues affecting Victorian, Texas and other individual investors —such as reliance, causation, and damages—will predominate in this case over any common issues.

It does not appear that this case differs radically from other class actions which have been permitted under the securities statutes here involved. The existence of issues peculiar to individual plaintiffs is not of itself sufficient reason for denying the propriety of the class action where there are important common issues of law and fact relating to a financial report or other public financial information claimed to have influenced the investment decision of many persons and claimed to have influenced the market price of the securities involved in the case. F.R.Civ.Proc. 23, Notes of Advisory Committee on Rules (1966) ; Green v. Wolf Corporation, 406

F.2d 291, 301 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). In the present case there is such a body of common issues of law and fact relating to the truth or falsity of the 1968 annual report of Responsive and the statements of Responsive's president at the annual meeting. The circumstance that Victorian and Texas bought through a broker who had independent information in addition to the public statements of Responsive does nothing more than raise ordinary issues about reliance and causation. The situation of dealing through a broker, who holds himself out as having analytical skill and experience, would hardly seem to put Victorian and Texas in a unique position different from other investors in the class.

As to difficulties of administration, the existence of issues relating to individual plaintiffs inevitably creates such difficulties. Under the controlling authorities, the remedy, at least in the situation presented by the present case, is not to dismiss the class action. The difficulties here must be dealt with by carrying out as efficient a discovery and trial program as possible under the circumstances.[1] These matters will be dealt with in future proceedings.

█ The class should consist of those persons who purchased the stock of Responsive starting with the date when the 1968 annual report was issued (March 6, 1969) and terminating a reasonable time after the negative facts became public with the issuance of the six months statement. The latter statement was issued on June 25, 1969. The cut-off date for the class will be set at July 30, 1969.

*Capacity of Intervening Plaintiffs*

█ The complaint of the intervening plaintiffs declared that they were bringing their action as a class action. However, their intervention came two years after the initiation of the class action by Victorian and Texas. There is no necessity or justification for having additional plaintiffs and additional counsel represent the class.

Moreover, in the case of Globus there is sufficient indication in the record of the kind of dual role which would make it undesirable for Globus to represent the class of investors. Certain exhibits in the record show that Globus was recommending to the public in the strongest terms the purchase of Responsive stock. These recommendations came both before and after the alleged misrepresentations by Responsive which are the basis of the claims made on behalf of the investor class. I make no finding as to the merits of the recommendations put out by Globus. However, the role of Globus appears to be sufficiently different from that of the ordinary investor so that Globus should not act as a representative of the class. Certain defendants have in fact counterclaimed against Globus for indemnity, claiming that he is primarily liable for any deception of investors or inflation of the market price.

The intervening plaintiffs, through their own counsel, should be permitted to remain in the action solely to represent themselves.

Settle order on notice. Following the entry of the order on this motion, plaintiffs should move promptly for approval of a notice to be sent to the class pursuant to Rule 23(c)(2).

---

1. For instance, discovery as to individual members of the class may be able to be carried out initially by written questionnaires. The answers to such questionnaires may reveal methods of limiting depositions, as in the case where several investors purchased through a single broker. To the extent that deposition testimony is necessary it may be able to be limited to the broker.